[Crim. No. 2486. Second Appellate District, Division One.—April 6, 1934.]

THE PEOPLE, Respondent, v. MARIE HANSEN, Appellant.

John M. Dvorin for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

YORK, J.—Appellant was charged, in an information filed by the district attorney of Los Angeles County, with the crime of receiving stolen property. Trial by jury having been waived, appellant was found guilty by the court as charged in the information. From the judgment entered pursuant thereto this appeal is taken.

■ Appellant cites several specifications of error, but confines her discussion to the following points: (1) The evidence is insufficient to sustain or justify the judgment. (2) The judgment was and is contrary to law, contrary to evidence, and contrary to law and evidence.

It appears from the record before us that early in July, 1933, a teakwood coffee table was stolen from the home of Jotham Bixby in Long Beach, and that the value of this table was the sum of $300. It further appears that appellant's son, Joseph Hansen, and one William Fischer were arrested and charged with burglarizing the Bixby home. Upon the premises where appellant makes her home there are two dwellings, one at the rear occupied by appellant, and one at the front occupied by the Nobles, tenants of appellant, and in addition to these, there is a garage in which the Nobles had stored some furniture. In the latter part of July, 1933, appellant told the Nobles that William Fischer wanted to sell her a table belonging to said Fischer and his wife for the sum of $10, and that she would buy it, if the Nobles would allow her to keep it in their house, she stating at the time that the table was worth $100. The table remained in the Nobles' house for several weeks and was then removed by appellant to the garage, where it was found by police officers. It appears from the record that the police officers made several searches of the premises before the table was found by them in the garage, and that the appellant made no objection to the searches being made, although she stated to them that she knew nothing about the table. Both appellant's son and William Fischer testified that appellant had paid Fischer $10 for the table.

After a careful reading of the testimony adduced before the trial court, we feel that the evidence amply supports the judgment of conviction, and that the judgment is in accord with the evidence and the law of the case.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.